UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Alfred Delcorpo,<br><br>                Plaintiff,<br>v.<br><br>Enhanced Recovery Company, LLC; and<br>DOES 1-10, inclusive,<br><br>                Defendant. | Civil Action No.: _____<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Alfred Delcorpo, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Alfred Delcorpo ("Plaintiff"), is an adult individual residing in Yeadon, Pennsylvania, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Enhanced Recovery Company, LLC ("Enhanced"), is a Florida business entity with an address of 8014 Bayberry Road, Jacksonville, Florida 32256, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Enhanced and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Enhanced at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Enhanced for collection, or Enhanced was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Enhanced Engages in Harassment and Abusive Tactics

12. The Debt does not belong to Plaintiff.

13. For the past year, Enhanced has placed three (3) calls a day to Plaintiff's residential telephone in an attempt to collect the Debt.

14. Plaintiff has spoken with several different Enhanced representatives. During each conversation Plaintiff explained that the Debt does not belong to him.

15. Enhanced repeatedly told Plaintiff it would cease placing calls to Plaintiff in an attempt to collect the Debt.

16. However, Enhanced has continued to call Plaintiff despite acknowledging that he was called in error.

### C. Plaintiff Suffered Actual Damages

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *ET SEQ.*

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

22. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

23. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

### VIOLATIONS OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT, 73 P.S. § 2270, *ET SEQ.*

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Plaintiff is a "consumer," as defined in 73 P.S. § 2270.3.

27. The Defendants are each individually a "debt collector" as defined in 73 P.S. § 2270.3.

28. The Defendants violated provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., which constitutes an unfair or deceptive practice under 73 P.S. § 2270.4(a).

29. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *ET SEQ.*

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.    Without prior consent the Defendants made telephone calls to the Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiff in violation of 47 U.S.C. § 227(b)(1)(B).

32.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

33.    The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

34.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.    The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

36.    Pennsylvania further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Pennsylvania state law.

37.    The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with excessive phone calls.

38.    The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

39. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

40. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

41. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## COUNT V

### VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. § 201-1, *ET SEQ.*

42. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The Defendants' violations of the Pennsylvania Fair Credit Extension Uniformity Act constitute per se violations under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

44. The Defendants' acts were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

45. As a result of the Defendants' violations, the Plaintiff has suffered ascertainable losses entitling the Plaintiff to actual, statutory and treble damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A)

against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and 73 P.S. § 2270.5 against the Defendants;

4. Statutory damages pursuant to 73 P.S. § 2270.5(c);

5. Actual damages pursuant to 73 P.S. § 201-9.2(a);

6. Statutory damages pursuant to 73 P.S. § 201-9.2(a);

7. Treble damages pursuant to 73 P.S. § 201-9.2(a);

8. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

9. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

10. Punitive damages; and

11. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 2, 2011

                                      Respectfully submitted,

                                      By JBB8445

                                      Jody B. Burton, Esq.
                                      Bar No.: 71681
                                      LEMBERG & ASSOCIATES L.L.C.
                                      1100 Summer Street, 3rd Floor
                                      Stamford, CT 06905
                                      Telephone: (203) 653-2250
                                      Facsimile: (203) 653-3424
                                      Attorneys for Plaintiff